UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESHAUN STATEN,

          **Plaintiff,**

v.                                            Case No. 22-CV-1073

MS. LARIE and
MS. STANK,

          **Defendants.**

---

### ORDER

---

Plaintiff DeShaun Staten, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.). Staten also filed a motion for leave to proceed without prepayment of the filing fee (ECF No.4), and a motion to pay the initial partial filing fee out of his release account (ECF No. 6). On December 27, 2022, Staten filed an amended complaint. (ECF No. 14.) Because the defendants have not yet answered, the court will accept his amended complaint. *See* Fed. R. Civ. P. 15(a). This order screens Staten's amended complaint and resolves his motions.

The court has jurisdiction to resolve his motions and screen the amended complaint in light of Staten's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of

magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Staten was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On September 27, 2022, Staten filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 4), and a motion to pay the initial partial filing fee out of his release account (ECF No. 6)[1]. That same day the court ordered that Staten pay $8.46 as an initial partial filing fee by October 27, 2022, (ECF No. 7.) On November 7, 2022, Staten filed a letter which the court construed as a motion for extension of time to pay the initial partial filing fee. (ECF No. 10.) The court granted the motion and gave Staten until November 28, 2022, to pay the fee. Staten paid the fee on November 16, 2022.

The court will grant Staten's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner

---

[1] On October 21, 2022, Staten filed a second motion to use his release account to pay the initial partial filing fee (ECF No. 8), which the court granted on October 24, 2022 (ECF No. 9).

2

Case 2:22-cv-01073-WED   Filed 01/05/23   Page 2 of 8   Document 15

explained at the end of this order. Also, because Staten paid the initial partial filing fee, the court will deny his motion to pay the initial partial filing fee out of his release account as moot.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Staten's Allegations*

Staten alleges that when he was transferred to GBCI on April 22, 2021, he was suicidal, which GBCI staff was aware of. (ECF No. 14 at 2.) He had a Zoom appointment with defendant Ms. Larie, a health services provider, scheduled for June 28, 2022, at 2:15 p.m. (*Id.* at 3.) He had an appointment for "labs" at 3:00 p.m. the same day. Defendant Corrections Officer Ms. Stank cancelled the appointments. (*Id.*) When Staten asked Ms. Stank why the appointments were cancelled, she allegedly stated, "not my problem and you, Mr. Staten, shouldn't be assaulting staffs [*sic*] so that's same [*sic*] you can think about." (*Id.*) Staten states he also was not allowed to reschedule the appointment. (*Id.*)

4

*Analysis*

Staten claims that the defendants violated his constitutional rights when they cancelled his appointments. Because he does not allege how the cancellation of the appointments caused him any harm or worsened his condition, he fails to state a claim upon which relief may be granted. But because the Seventh Circuit Court of Appeals has emphasized that the district court generally must give a plaintiff at least one opportunity to further amend his complaint, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), Staten may file a second amended complaint by **January 26, 2022.** In his second amended complaint Staten should detail how the cancelled appointments affected him and specify the roles each defendant had in cancelling the appointment.

Staten is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If a second amended complaint is not received, the court will dismiss this action based on Staten's failure to state a claim in his amended complaint. The court will enclose an amended complaint form along with this decision. Staten must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Staten's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Staten' motion to pay the initial partial filing fee out of his release account (ECF No. 6) is **DENIED as moot**.

**IT IS FURTHER ORDRED** that on or before **January 26, 2023**, Staten may file a second amended complaint. If the court does not receive a second amended complaint by the deadline, the court will dismiss this action based on the amended complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Staten shall collect from his institution trust account the $342.00 balance of the filing fee by collecting monthly payments from Staten's prison trust account in an amount equal to 20% of the preceding month's income credited to Staten's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Staten is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Staten is confined.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Warrington a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Staten is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Staten is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Staten's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 5th day of January, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge