UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

**DESHAUN STATEN,**

      **Plaintiff,**

v.                                     Case No. 22-CV-1073

**MS. LARIE and
MS. STANK,**

      **Defendants.**

───────────────────────────────────────────────

### ORDER

───────────────────────────────────────────────

Plaintiff DeShaun Staten, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.). On December 27, 2022, Staten filed an amended complaint. (ECF No. 14.) On January 5, 2023, the court screened Staten's amended complaint and found it failed to state a claim upon which relief may be granted. (ECF No. 15.) However, the court gave Staten an opportunity to amend his complaint a second time. On January 23, 2023, Staten filed a second amended complaint, which the court now screens. (ECF No. 16.)

The court has jurisdiction to screen the second amended complaint in light of Staten's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge

jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## SCREENING OF THE SECOND AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Staten's Allegations*

Staten alleges that on June 28, 2022, the defendants "denied [his] video visit for no good reason." (ECF No. 16 at 2.) Staten states that the defendants denied his visit, which was for "labs work" because he "shouldn't be assaulting staff members." (*Id.* at 2-3.) Staten notes that he was never issued a conduct report for assaulting staff members. (*Id.*)

*Analysis*

In its order screening the first amended complaint the court instructed Staten to explain how the cancelled video visits affected him and to elaborate on the roles each defendant played in cancelling the visits. (ECF No. 15 at 5.) In his second amended complaint Staten still does not explain how the cancelled visits affected him nor does he describe what each defendant did or did not do to violate his constitutional rights. At most he asserts that the defendants' actions amount to retaliation in violation of his First Amendment rights. However, to state a claim for

3

retaliation, a plaintiff must allege that "(1) he engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Staten does not allege that he was engaged in an activity protected by the First Amendment that was a motivating factor in the defendants' decision to cancel the visits.

As such, Staten still does not state a claim upon which relief may be granted. Because the court has already given Staten an opportunity to cure the deficiencies of his complaint by amendments previously allowed, the court dismisses his case for failure to state a claim. *See King v. Cooke,* 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Staten has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing

in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 24th day of March, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge